COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          Israel Montoya Alcaraz v. The State of Texas

Appellate case numbers:    01-14-00675-CR, 01-14-00676-CR

Trial court case numbers:    1394947 & 1394948

Trial court:                        174th Judicial District Court of Harris County

On December 16, 2014, appellant's counsel filed a motion to abate both the above-related appeals for the trial court to enter an amended certification of the defendant's right of appeal to show that he has the right of appeal in trial cause number 1394947 as the certification states that he does in trial cause number 1394948. On April 14, 2014, appellant had pleaded guilty to aggravated sexual assault of a child in trial cause number 1394947 (appellate cause number 01-14-00675-CR) and to possession of child pornography in trial cause number 1394948 (appellate cause number 01-14-00676-CR), without an agreed recommendation as to sentencing in both cases and the two cases were reset for a pre-sentencing investigation hearing. On July 17, 2014, appellant was convicted and sentenced to fifty years' incarceration on the aggravated sexual assault of a child charge and to ten years' incarceration on the child pornography possession charge, to be served concurrently. Although in trial cause number 1394948, the trial court checked only the box certifying that this was not a plea-bargain case and appellant had the right of appeal, in trial cause number 1394947, the trial court checked both boxes indicating that the appellant had the right of appeal and that appellant had waived the right of appeal. Further, in both of the judgments of conviction, the trial court also made special findings of "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

The Rules of Appellate Procedure require us to dismiss a criminal appeal unless a certification showing that the appellant has the right of appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the criminal defendant's right of appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain

whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1. Thus, after a review of the records, the certification in trial cause number 1394947 appears to be defective, and the judgments in both cause numbers appear to be inconsistent with the certifications. This order constitutes notice to all parties of the apparent defective certifications. *See* TEX. R. APP. P. 37.1.

We therefore **GRANT** appellant's motion to abate both of these appeals and remand the causes to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appellate counsel, Angela Cameron, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system.[1]

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right of appeal in trial cause number 1394947 and, if necessary, in trial cause number 1394948;
2) Make any other findings and recommendations the trial court deems appropriate; and
3) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2), (p); TEX. R. APP. P. 25.2(a)(2), (d), (f); *Dears*, 154 S.W.3d at 614–15.

The trial court coordinator shall set a hearing date no later than 30 days from the date of this order and notify the parties. The trial court shall have a court reporter record the hearing and file a reporter's record with this Court within 30 days of the date of the hearing. *See* TEX. R. APP. P. 34.6(d). If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

---

[1]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

Accordingly, the trial court clerk is directed to file a supplemental clerk's record containing the amended certification(s) and findings of fact and conclusions of law with this Court no later than 30 days from the date of the hearing. *See* TEX. R. APP. P. 34.5(c)(2). These appeals are abated, treated as closed cases, and removed from this Court's active docket. These appeals will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Laura Carter Higley
        ☒ Acting individually    ☐ Acting for the Court

Panel consists of _____

Date: December 30, 2014

3